# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,             :       Case No. 2:22-cr-114

      v.                      Judge Sarah D. Morrison

                       :

TOLLIVER J. CUNNINGHAM,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Revoke Detention Order filed by Defendant Tolliver J. Cunningham. (Mot., ECF No. 27.) In his Motion, Mr. Cunningham asks the Court to order that he be released with conditions pending trial. The Government responded (Resp., ECF No. 28), requesting that the Court affirm the Magistrate Judge's detention order. Having considered the evidence *de novo*, the Court agrees with the Magistrate Judge's findings of fact and conclusions of law. Accordingly, the Court **DENIES** the Motion.

## I.    BACKGROUND

On May 13, 2022, Mr. Cunningham was charged with Knowingly Possessing a Firearm by a Convicted Felon, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). On May 26, 2015, Mr. Cunningham signed a guilty plea for attempted felonious assault. (Aff. in Supp. of Crim. Compl., ECF No. 1-1.) As a result of this conviction, Mr. Cunningham was prohibited from possessing a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.*)

Columbus Division of Police (CPD) officers investigated a January 13, 2022, shooting near Mr. Cunningham's mother's home. (*Id.*) A witness to the shooting reported seeing Mr. Cunningham on the front porch of the home holding a pistol grip, AK-47 style firearm. (*Id.*) Shell casings recovered on the porch corroborated this report. (*Id.*) CPD officers then executed a search warrant on the home and recovered a firearm matching this description—a Romarm model Mini Draco 7.62 caliber pistol. (*Id.*)

In February 2022, a federal search warrant was executed on a social media account linked to Mr. Cunningham. (*Id.*) A video file recovered in the search depicted Mr. Cunningham with a Romarm model Mini Draco 7.62 caliber pistol. (*Id.*) The video had been uploaded to the social media account on January 12, 2022—a day before the shooting investigated by CPD. (*Id.*) Based on this information, a federal arrest warrant was issued for Mr. Cunningham in May 2022. (*Id.*)

On May 26, 2022, Mr. Cunningham was found to be in possession of another Romarm model Mini Drago 7.62 caliber pistol while involved in an altercation at Easton Town Center. (ECF No. 14.) Video footage of the altercation depicts Mr. Cunningham pointing the firearm at another individual. (*Id.*) Mr. Cunningham (who had been stabbed during the altercation) was arrested after attempting to flee the scene. (*Id.*) Mr. Cunningham was treated for his wounds prior to his initial appearance before the Magistrate Judge on June 2, 2022. (ECF No. 3.) At the initial

appearance, Mr. Cunningham initially executed a waiver of his detention hearing, but made an oral motion for a detention hearing that same day. (ECF Nos. 7, 9.)

At Mr. Cunningham's detention hearing, the Government argued for Mr. Cunningham to be detained pending trial, pointing to evidence in the Affidavit in Support of Criminal Complaint (ECF No. 1-1), the Pretrial Services Report (ECF No. 12), and the circumstances of Mr. Cunningham's arrest. Mr. Cunningham argued for his release with conditions but presented no evidence.

The Pretrial Services Report outlined his criminal history. Among other things, Mr. Cunningham's first conviction at the age of eighteen was for carrying a concealed weapon; his probation for that offense was extended twice for failure to comply with conditions of probation. (ECF No. 12.) At the age of nineteen, while still on probation, Mr. Cunningham was convicted of attempted felonious assault, having a weapon under disability, and possession of drugs while using a firearm. (*Id.*) During the same period, charges for domestic violence, aggravated menacing, and improper handling of a firearm were dismissed. (*Id.*) At the age of twenty-three, he was convicted of possession of drugs and received a suspended sentence of six months. (*Id.*) A year later, he was charged with domestic violence and assault. (*Id.*) In connection with that charge, a bench warrant was filed when he failed to appear at pre-trial hearing. (*Id.*) And, last year, at the age of twenty-five Mr. Cunningham was charged with felonious assault while displaying or brandishing of a firearm, failure to comply with an order, and felony fleeing and eluding. (*Id.*) The felonious assault charge was dismissed. (*Id.*)

After hearing the evidence and arguments, the Magistrate Judge found that the Government had established Mr. Cunningham was a danger to the community by clear and convincing evidence. (ECF. Nos 14, 15.) She made no findings on risk of flight. (ECF. Nos 14.) The Magistrate Judge concluded that there were no conditions of release that would reasonably assure the safety of any other person or the community. (ECF. Nos 14, 15.) In support of this decision, the Magistrate Judge cited the weight of the evidence; repeated violations of illegal possession despite knowledge of his restriction; prior participation in criminal activity while on supervision; history of violence and use of weapons; history of substance abuse; prior failure to appear for court; and prior violations of supervision. (ECF. Nos 14, 15.) Mr. Cunningham was ordered to be detained pending trial. (ECF No. 15.)

## III.    LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros*, at 616). However, "[p]retrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *United States v. Ford*, 455 F.

4

Supp. 3d 512, 518 (S.D. Ohio 2020) (Morrison, J.) (internal citations and quotations omitted).

Once the Government has met its burden, the judicial officer must then determine whether conditions exist that would reasonably assure the defendant's appearance and the safety of the community upon a defendant's release. The factors to be considered in making such a determination are set out in Subsection G:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If the judicial officer determines that a detention order is necessary, they shall submit a written statement of the reasons for the detention. *Id.* § 3142(i)(1).

When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews that order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125,

1130 (S.D. Ohio 2000). While the district court is obligated to review the magistrate judge's determination, the district court need not hold a hearing. *See*, *e.g., United States v. Sammons,* No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (Morrison, J.) (collecting cases).

## IV.  ANALYSIS

Mr. Cunningham seeks revocation of the detention order on two grounds. First, that the Government did not meet its burden. Second, that continued detention threatens his safety.

In support of his argument, Mr. Cunningham presents substantially the same information presented at the original detention hearing. The only new information presented is a contention that he has not received adequate care for his addiction or for injuries inflicted by other inmates while incarcerated. He also reiterated that he has strong familial ties in the area and is hopeful he will be able to resume employment to support his family pending trial. In response, the Government likewise relies on substantially the same information provided in the original detention hearing. Given the minimal new information included in the briefing, the Court finds that no hearing is necessary.

The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report, the recording of the original detention hearing, and all briefing and evidence submitted to the Court. In light of those actions, the Court makes the following findings.

*Burden of Proof.* As noted above, the Government must establish the Mr. Cunningham's dangerousness to the community by clear and convincing evidence. Here, the most powerful evidence of dangerousness is demonstrated by Mr. Cunningham's criminal history, which include numerous instances of illegal possession of a firearm and other violent offenses. Additionally, the circumstances surrounding both charged offenses support a finding of dangerousness. On both occasions, there is evidence he was brandishing or firing a firearm while embroiled in violent altercations with other individuals outside of homes or in public.

Upon review, the Court finds that the Government has satisfied its burden of demonstrating Mr. Cunningham's dangerousness by clear and convincing evidence. Accordingly, the Court turns to the factors set out in Subsection G.

*Nature and Circumstances of the Offenses Charged.* The charges involve possession of a firearm as a felon. The circumstances underlying the charges extend beyond simple possession. The nature and circumstances of the charged offenses support continued pretrial detention.

*Weight of the Evidence Against Mr. Cunningham.* In this circuit, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In this regard, there are strong indicators (including Mr. Cunningham's criminal history and the circumstances of the current charges) that Mr. Cunningham poses a significant danger to the community. The Court concludes that the weight of the

evidence with respect to Mr. Cunningham's dangerousness supports his continued detention pending trial.

*Mr. Cunningham's History and Characteristics.* As noted above, when addressing this factor, the Court considers Mr. Cunningham's character, mental and physical condition, family and community ties, employment, financial resources, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. 3142(g)(3)(A). The Court also considers whether, at the time of the current offense or arrest, Mr. Cunningham was on release pending trial. *See* 18 U.S.C. 3142(g)(3)(B).

Mr. Cunningham's history and characteristics weigh in favor of his continued detention pending trial. Significantly, Mr. Cunningham has a history of mental health issues and is currently recovering from a stab wound he received on the day of his arrest. While he does have strong familial ties in the area and at least some history of employment, he has substantial debt, no current stable employment, and a history of substance abuse. He has a significant history of engaging in violent crime, failing to comply with conditions of supervised release, and at least one instance of failing to appear for pre-trail proceedings. Finally, at the time of the January offense, he was on bond for a charge of felonious assault.

*Nature and Seriousness of the Danger to the Community.* Again, Mr. Cunningham has an extensive criminal history including violence and repeated concerns of having, brandishing, and shooting firearms both near residences and in

public. The nature and seriousness of the danger to the community weighs in favor of Defendant's continued detention pending trial.

In sum, consideration of the requisite factors indicates no condition or combination of conditions of release would reasonably assure the safety of the community. As such, revocation of the detention order is not appropriate.

Mr. Cunningham argues for a different result. First, he urges the Court to adopt the recommendation in the Pretrial Services Report which outlined several conditions to address the issue of dangerousness upon release. However, the evidence suggests that Pretrial Services was not aware of Mr. Cunningham's second charged offense when this recommendation was made. This offense weighs heavily in the Court's decision to depart from Pretrial Services' recommendation. As discussed, his repeated violations in such short period strongly indicate that no condition could prevent similar risks of dangerousness to the community.

Mr. Cunningham's final argument is that his continued incarceration poses a risk of harm to himself. However, as the Government correctly identifies, this is generally not a factor considered in detention orders. *See United States v. Ford*, 455 F. Supp. 3d 512, 520 (S.D. Ohio 2020) (Morrison, J.) ("Risk of harm to the defendant does not usually bear on this analysis.") (quoting *United States v. Clark*, 448 F. Supp. 3d 1152, 1156 (D. Kan. 2020)).

Accordingly, the detention order will remain in effect.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Revoke

Detention Order. (Mot., ECF No. 27.)

**IT IS SO ORDERED**.


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**